IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIAH HILL SCOTT, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-600-O |
| | § | |
| DALLAS COUNTY HOSPITAL | § | |
| DISTRICT, | § | |
|     Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court are:

    i.    Defendant Dallas County Hospital District's Motion for Partial Summary Judgment (Doc. #43), filed September 28, 2009 ("Defendant's Motion" or "Def. Mtn.");

    ii.    Brief in Support of Defendant Dallas County Hospital District's Motion for Partial Summary Judgment (Doc. #44), filed September 28, 2009 ("Def. Br.");

    iii.    Appendix in Support of Defendant's Motion for Partial Summary Judgment (Doc. #45), filed September 28, 2009 ("Def. App.");

    iv.    Plaintiff's Response to Defendant's Motion for Partial Summary Judgment (Doc. #49), filed November 5, 2009 ("Pl. Resp.");

    v.    Plaintiff's Mariah Scott's Appendix in Response to Defendant's Motion for Partial Summary Judgment (Doc. #50), filed November 5, 2009 ("Pl. App.");

    vi.    Defendant Dallas County Hospital District's Reply in Support of Its Motion for Partial Summary Judgment (Doc. #52), filed November 20, 2009 ("Def. Repl.");

Also before the Court are:

    vii.    Plaintiff, Mariah Hill Scott's First Amended Complaint and Jury Demand (Doc. #5), filed April 23, 2008 ("Pl. Compl.");

    viii.    Defendant Dallas County Hospital District's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence and Brief in Support (Doc. #51), filed November 20, 2009 ("Def. Obj.");

    ix.    Plaintiff's Response to Defendant's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence and Brief in Support of Plaintiff's Response (Doc. #55), filed December 8, 2009 ("Pl. Resp. to Obj."); and

    x.    Defendant Dallas County Hospital District's Reply in Support of Its Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence (Doc. #71) filed December 22, 2009 ("Def. Repl. to Obj.").

Having considered Defendant's Motion, related briefing, the evidence, and the applicable law, the Court finds that it should be and is hereby **GRANTED**.

I.    Background

Plaintiff Mariah Hill Scott filed this lawsuit on April 8, 2008, alleging Defendant Dallas County Hospital District discriminated against her on the basis of race and/or gender when it did not hire or consider her for two opening positions. *See,* Pl. Compl. at 2–3. The two positions are those of the Director of Contracts, filled in July 2007 by a white male, and the Director of Purchasing, filled in November 2007 by a white male. *See, id.* at 2, 3. Additionally, Plaintiff alleges that Defendant discriminated against her when it terminated her in late November 2007. *Id.* Based on these allegations, Plaintiff brings claims for violation of Title VII and violation of 42 U.S.C. § 1981. *See, generally*, *id.* Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees. *Id.* at 3–4. Plaintiff also seeks equitable relief in the form of an injunction prohibiting Defendant from engaging in unlawful employment practices and reinstating Plaintiff's employment.[1] *Id.* at 4.

---

[1]Plaintiff asks to be reinstated to the position and pay grade to which she would have been promoted, absent the alleged discrimination, or alternatively, reinstated to the position and

On September 28, 2009, Defendant filed its motion for summary judgment. *See*, Def. Mtn. Defendant contends that, because Plaintiff did not apply or express interest in, and was not qualified for, the Director of Contracts position, her Title VII failure to promote claim for the position fails as a matter of law. *See, generally,* Def. Br. Additionally, Defendant contends that it is a local government entity and not covered by 42 U.S.C. § 1981, which protects against non-governmental discrimination. *Id.* Finally, Defendant contends that Plaintiff is barred from recovering punitive damages under Title VII because Defendant is a local government entity. *Id.* Defendant asks the Court to: (1) dismiss Plaintiff's failure to promote claim relating to the Director of Contracts[2] position; (2) dismiss Plaintiff's claims under 42 U.S.C. § 1981, and (3) dismiss Plaintiff's claims for recovery of punitive damages. *Id.* at 9–10.

Plaintiff responds that she has presented evidence that she was qualified for the Director of Contracts position. *See, generally,* Pl. Resp. Plaintiff further contends that she is excused from her failure to apply for or express interest in the position because Defendant did not post the opening in the Purchasing Department, and she was not otherwise made aware of the opening. *Id.* at 18–19. Plaintiff contends that independent claims under § 1981 may be asserted against local entities, but even if they may not, Defendant has produced no evidence that is a "local entity." *Id.* at 23–24. Similarly, regarding punitive damages, Plaintiff contends that Defendant has produced no evidence that it is a governmental entity, and has only pointed to cases regarding municipalities, which Defendant is not. *Id.* at 24–25. Finally, Plaintiff alleges

---

pay grade which she held prior to her termination. Pl. Compl. at 4.

[2]Defendant has not moved for summary judgment on this ground on Plaintiff's claim for failure to promote her to the Director of Purchasing position.

3

that she is entitled to punitive damages under Title VII regardless of her entitlement under § 1981. *Id.*

The issues have been briefed by the parties, and this matter is ripe for determination.

II.     Legal Standard

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show. . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party

opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Summary judgment in favor of the Defendant is proper if, after adequate time for discovery, the Plaintiff fails to establish the existence of an element essential to her case and on which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

When viewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See, Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

### III.  Preliminary Matter: Defendant's Objections to Plaintiff's Summary Judgment Evidence

As a preliminary matter, the Court will address Defendant's motion to strike a portion of Plaintiff's summary judgment evidence. *See*, Def. Obj. Defendant objects to only one piece of summary judgment evidence, the affidavit of Plaintiff Mariah Scott. *See, generally,* Def. Obj.; *see, also,* Pl. App. at 2–5. However, Defendant presents a total of 189 objections to 35 different statements contained in the affidavit. *See, generally*, Def. Obj.

In her response, Plaintiff observes Defendant's lack of specific legal argument, briefing, or authority to support his objections. Pl. Resp. to Obj. at 1. The Court agrees that Defendant's brief does not contain sufficient arguments and authorities, and therefore violates Local Rule

5

7.1(d).[3]  Notwithstanding this violation, the Court has reviewed the objections.  Among Defendant's objections are those asserting a violation of the Best Evidence Rule and hearsay rules.[4]  The Court first examines the objections based on the Best Evidence Rule.

Under the Best Evidence Rule, an original or a duplicate of a writing is required to prove the content of the writing.  FED. R. EVID. 1002, 1003.  Defendant makes twenty objections based on the Best Evidence Rule, and the Court has reviewed each objected-to statement.  Some of the statements do not violate the Best Evidence Rule because they do not seek to prove the contents of a writing.  For example, "It is the responsibility of the Hiring Manager to make certain that the available positions are posted in the area" does not seek to prove the contents of any writing, but rather testifies from Plaintiff's personal knowledge.  *See*, Def. Obj. at 4; Pl. Resp. to Obj. at 3.  Other of Plaintiff's statements, however, do seek to prove the contents of a writing and violate the Best Evidence Rule.  *See,* Pl. App. at 2–5, ¶¶ 9; 10 (first sentence only); 13 (from "#5000" to the end of the sentence); 19; 20; 21; 26; 27; and 28.  Defendant's objection is sustained as to these statements, which are ordered stricken from the declaration.[5]  The Court next examines

---

[3]In relevant party, Local Rule 7.1(d) states, "Brief.  An opposed motion must be accompanied by a brief that sets forth the moving party's contentions of fact and/or law, and argument and authorities. . ."

[4]Defendant also makes objections based on: opinion testimony, relevance, lack of personal knowledge, lack of foundation, statement based on Plaintiff's subjective belief, speculation, conclusory statements, vagueness, legal conclusion, and violation of Texas Labor Code.  *See, generally,* Def. Obj.

[5]The stricken statements are duplicative of other evidence in the record.  In her appendix, Plaintiff has additionally submitted the underlying writings which her affidavit discusses.  *See, generally,* Pl. App.  Plaintiff has provided specific citation to each writing.  *See, generally,* Pl. Resp.; *see, also,* Pl. Resp. to Obj.  No objection has been made to use of the underlying writings as evidence.  Accordingly, while the statements contained in the declaration are stricken, the Court may, in deciding the underlying summary judgment motion, nonetheless consider the evidence in the submitted writings.

Defendant's hearsay objections.

Under the Federal Rules of Evidence, "hearsay" generally includes an oral or written assertion, made when the declarant is not testifying under oath, and offered in evidence to prove the truth of the matter asserted. FED. R. EVID. 801. Even if a statement meets this definition, it is not considered hearsay if it is a statement by a party-opponent. FED. R. EVID. 801(d)(2). One example of a statement by a party-opponent is a statement, made by an agent or employee of a party, concerning a matter within the scope of the employment, made during the employment, and offered against that party. FED. R. EVID. 801(d)(2)(D).

Defendant makes fifteen objections based on hearsay, and the Court has reviewed each objected-to statement. *See, generally,* Def. Obj. Some of the statements are not hearsay because they do not contain an assertion. For example, Defendant objects to the following passage, contained in Plaintiff's affidavit: "Then he [Defendant's employee] asked me, 'How long do you intend to work anyway'?" Def. Obj. at 5. The phrase, "Then he asked me" is not hearsay, as it does not contain an out of court statement. The phrase, "How long do you intend to work anyway?", while it repeats words that were said out of court, is not hearsay because the out-of-court words contain no assertion.[6] Other statements are not hearsay because, although they may meet the basic hearsay definition, they are statements by a party-opponent and are therefore excepted out of hearsay under Rule 801(d)(2). For example, Defendant objects to the following passage, contained in Plaintiff's affidavit: "Defendant's final statement regarding the reason for my termination is 'involuntary other.'" Def. Obj. at 8. In this portion of her affidavit, Plaintiff

---

[6]Additionally, this statement is likely a statement by a party-opponent and excepted out of the definition of hearsay by Rule 801(d)(2).

repeats the contents of a letter dated January 8, 2008, and written on Parkland Health and Hospital System letterhead and signed by Ron Van Iderstine, the Director of Employment/Employee Relations for Parkland Hospital. *See*, Pl. App. at 82. In the letter, Mr. Van Iderstine states Mariah Scott's record should reflect the following: "Termination Type: Involuntary. Reason: Involuntary-Other." *Id.* Mr. Van Iderstine's statement is a statement by a party-opponent and is therefore excepted from hearsay. Accordingly, Plaintiff's sworn affidavit does not run afoul of the hearsay rules by repeating Mr. Van Iderstine's statement. Defendant's hearsay objections are overruled.

Accordingly, Defendant's motion to strike is **GRANTED IN PART**. Defendant's Best Evidence Rule objections to Plaintiff's Declaration (Doc. 50 pp. 2–5) ¶¶ 9; 10 (first sentence only); 13 (from "#5000" to the end of the sentence); 19; 20; 21; 26; 27; and 28 are sustained. These statements are ordered stricken from the declaration . All other objections are overruled.

## IV. Analysis

Defendant has moved for summary judgment. Defendant asks the Court to: (1) dismiss Plaintiff's Title VII claim for failure to promote because Plaintiff did not apply or express interest in, and was not qualified for, the Director of Contracts position; (2) dismiss Plaintiff's § 1981 claims because it is a local government entity and not covered by 42 U.S.C. § 1981; and (3) dismiss Plaintiff's claims for recovery of punitive damages because Title VII does not permit recovery of punitive damages against a government entity. *See, generally,* Pl. Mot.

The Court first addresses Plaintiff's Title VII claim for failure to promote.

### A. Failure to Promote under Title VII

In the Fifth Circuit, in a failure to promote claim under Title VII, "a plaintiff must show

that: (1) she was within a protected class; (2) she was qualified for the position sought; (3) she was not promoted; and (4) the position she sought was filled by someone outside the protected class." *Blow v. City of San Antonio*, 236 F.3d 293, 296 (citations omitted). Defendant contends that Plaintiff has failed to present evidence of the second factor. Pl. Mot. at 6. Specifically, Defendant contends that Plaintiff has presented no evidence that she was qualified to be Director of Contracts, and additionally, has presented no evidence that she sought the position. *Id.* The Court first addresses whether the record contains any evidence that Plaintiff was qualified for the position.

### 1. Plaintiff Must Show She Was "Qualified"

In the Fifth Circuit, a plaintiff alleging discriminatory failure to promote "need not show that she was better qualified than the individual selected." *Hamlett v. Gonzales*, 3:03-CV-2202-B, 2005 WL 1500819 at *16, n.15. Rather, the plaintiff's initial burden of showing her qualification for a position is met simply by showing she met the objective qualifications for the position. *Medina v. Ramsey Steel*, 238 F.3d 674, 681 (5th Cir. 2001). The qualifications of the Director of Contracts are included in the summary judgment record.[7] Pl. App. at 65. The requirements include either: (1) a bachelor's degree in a business-related field plus a minimum number of years of experience; or (2) "equivalent combination of education and experience." *Id.* Plaintiff has not identified evidence that she holds a degree in business or any related field. However, she has submitted evidence that she began working for Defendant in 1994 as a buyer,

---

[7] The qualifications are, "Must have a Bachelor's degree in Business or related field plus seven years of contracts development experience to include five years of supervisory experience of purchasing in a healthcare facility/system OR equivalent combination of education and experience. Certification by the Association for Healthcare Resource & Materials Management (AHRMM) as a Certified Materials & Resource Professional (CMRP) is preferred." *Id.*

9

was promoted to senior buyer, and then to Purchasing Commodity Manager. *Id.* at 2. Plaintiff has also identified evidence that she had a history of high marks on her performance evaluations. *Id.* at 3. Applying the appropriate standard, the Court believes that a reasonable jury could find that Plaintiff met the minimum qualifications for the position of Director of Contracts. Accordingly, Defendant's point is overruled.

### 2. Plaintiff Must Show She "Sought" the Position

In the Fifth Circuit, a plaintiff must show that she actually sought the position at issue. *Kolpakchi v. Principi*, 113 Fed. Appx. 633, 636 (5th Cir. 2004). The plaintiff must generally provide evidence that she applied for the position. *See, Hamlett,* 2005 WL 1500819 at *16. It is uncontested that Plaintiff Scott did not apply for the Director of Contracts position.

Some courts, however, have excused the application requirement under limited circumstances. *See, Lenihan v. Boeing Co.*, 994 F.Supp. 776, 794 (S.D. Tex. 1998). For example, at least one court has held that a formal application is not required where: (1) a vacant position was not posted; and (2) either the plaintiff expressed interest in a promotion, or the employer had some reason or duty to consider her for the position. *See*, *id.* The parties have not identified any cases, however, where the Fifth Circuit has expressly adopted such an exception. *See, Kolpakchi*, 113 Fed. Appx. at 637 (stating that the Fifth Circuit "has not explicitly adopted our sister circuits' rules with regards to the necessity of a formal application; nor have we specifically rejected such. . . rule[s].")

Even assuming the Fifth Circuit does recognize the exception, it is not met in this case. In this case, it is undisputed that the position was posted, both online and in the Employment Services area of the hospital. *See*, Def. Mtn. at 2–3. As a result, the Court finds that Defendant

10

is entitled to summary judgment on Plaintiff's Title VII claim regarding the failure to promote her to the Director of Contracts position.

The Court notes that Plaintiff's argument is that Defendant did not *adequately* post the position. However, the Court does not find this argument persuasive. In Plaintiff's affidavit, she states that, as a practice, "all open positions in the Purchasing Department were posted in the Purchasing Department" and were announced or discussed in staff meetings. Pl. App. at 3. Plaintiff essentially argues that the position was not "posted" since it was not posted in the Purchasing Department. The Human Resources Procedure Manual for Defendant requires that the Director of Contracts position opening be posted in the Employment Services office for a minimum of three days. Def. App. at 90. As previously discussed, it is undisputed that Defendant posted the position in the Employment Services office for a minimum of three days. Additionally, there is no evidence that Plaintiff was prohibited from accessing the posting.

Accordingly, the Court finds that Defendant is entitled to summary judgment in its favor on Plaintiff's Title VII claim as it relates to the Director of Contracts position.

**B.     § 1981 and Applicability to Government Entities.**

Defendant next asks the Court to dismiss Plaintiff's § 1981 claims, contending: (1) § 1981 applies only to non-governmental actors; (2) Defendant is a local government entity; (3) therefore, Defendant is not covered by 42 U.S.C. § 1981. *See*, Def. Mtn. at 8–9; *see, also,* Def. Repl. at 6–8. Plaintiff replies that § 1981 does apply to local government entities, or alternatively, Defendant has produced no evidence that it is a "local [government] entity." Pl. Resp. at 23–24.

The text of § 1981 states that the section applies to protect against "nongovernmental

discrimination." 42 U.S.C. § 1981(c). The Fifth Circuit has held that § 1981(c) "does not expressly create a remedial cause of action against local government entities, and we are not persuaded that such a remedy should be implied." *Oden v. Oktibbeha County*, 246 F.3d 458, 463 (5th Cir. 2001). Accordingly, a plaintiff may "not maintain an independent cause of action under § 1981 against [a local government entity]." *Id.* at 464; *see, also, Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989) (stating that section 1983 is the "sole remedy for discrimination by persons acting under color of state law."); *Afriyie v. City of Dallas*, Civ. Act. No. 3:04-CV-2467, 2007 WL 149857, *2 (N.D. Tex. Jan. 22, 2007) (citing *Jett* and granting summary judgment in favor of local government entity where plaintiff did not plead a cause of action under § 1983.).

Alternatively, Plaintiff contends that summary judgment should not be granted because Defendant has not proved that it is a "government entity" rather than a "nongovernmental actor." Pl. Resp. at 24. Defendant responds that it is a local governmental entity. Def. Repl. at 7–8.

This Court agrees that Defendant is a governmental entity. Defendant "is a statutorily created hospital district, created pursuant to Article 9, section 4 of the Texas Constitution and Article 449n of the Texas Civil Statutes," and "a political sub-division of the State of Texas governed by Chapter 281 of the Health & Safety Code." Def. Repl. at 7. The Fifth Circuit has stated that the Dallas County Hospital District "is a political subdivision created and operated under Tex. Rev. Civ. Stat. Ann. art. 449n (Vernon)." *Dallas Ass'n of Comty. Org. for Reform Now v. Dallas County Hosp. Dist.,* 656 F.2d 1175, 1176 (5th Cir. 1981)(addressing the hospital's forum classification for freedom of speech purposes). Additionally, a district court in this division recently held that the Dallas County Hospital District is a "unit of local government" for the purposes of 42 U.S.C. § 1983. *Brantley v. Pavelka*, Civ. Act. No. 3:08-CV-1511-M, 2009

WL 2596612, *3 (N.D. Tex. Aug 19, 2009). The Court finds that Defendant is a governmental entity as a matter of law. Accordingly, Plaintiff's independently-asserted § 1981 claims against Defendant fail as a matter of law,[8] and Defendant is entitled to judgment as a matter of law on such claims.

### C. Punitive Damages.

Finally, Defendant asks the Court to dismiss Plaintiff's claims for recovery of punitive damages because Title VII does not permit recovery of punitive damages against a government entity. Def. Mtn. at 9. Plaintiff responds that Title VII does not prohibit such punitive damages because Defendant is not a "government entity." Pl. Resp. at 24–25.

Title VII authorizes the recovery of punitive damages against a defendant "other than a government, government agency or political subdivision" by showing defendant's malice or reckless indifference. 42 U.S.C. § 1981a(b)(1). As explained above, Defendant is a government entity/political subdivision. Accordingly, subsection 1981a(b)(1) is not applicable. Plaintiff has not pointed the Court to any other provision that authorizes the recovery of punitive damages against this Defendant under Title VII.[9] Accordingly, the Court finds that summary judgment denying Plaintiff's claim for recovery of punitive damages is appropriate and is hereby granted.

## V. Conclusion

Defendant's motion to strike is **GRANTED IN PART**. Defendant's Best Evidence Rule objections to Plaintiff's Declaration (Doc. 50 pp. 2–5) ¶¶ 9; 10 (first sentence only); 13 (from

---

[8] The rights created under § 1981 must be asserted against a governmental entity through § 1983. *Oden*, 246 F.3d at 463–64.

[9] The Court does not analyze whether Plaintiff might be entitled to punitive damages based on her § 1981 claims, since this opinion dismisses these claims.

"#5000" to the end of the sentence); 19; 20; 21; 26; 27; and 28 are sustained. It is **ORDERED** that these statements be stricken from the declaration. All other objections are overruled.

Additionally, the Court hereby **GRANTS** Defendant's motion for summary judgment (Doc. # 43). It is **ORDERED** that the following claims be dismissed:

    i.    Plaintiff's Title VII claim for failure to promote regarding the Director of Contracts position;

    ii.    Plaintiff's § 1981 claims; and

    iii.    Plaintiff's claims for recovery of punitive damages under Title VII.

**SO ORDERED** on this 7th day of **January, 2010**.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**